# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 8, 2011

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

139345-7 (127)

CHRISTOPHER LEE DUNCAN, BILLY JOE BURR, JR., STEVEN CONNOR, ANTONIO TAYLOR, JOSE DAVILA, JENNIFER O'SULLIVAN, CHRISTOPHER MANIES, and BRIAN SECREST,
        Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF MICHIGAN,
        Defendants-Appellants.

SC: 139345
COA: 278652
Ingham CC: 07-000242-CZ

_____/

CHRISTOPHER LEE DUNCAN, BILLY JOE BURR, JR., STEVEN CONNOR, ANTONIO TAYLOR, JOSE DAVILA, JENNIFER O'SULLIVAN, CHRISTOPHER MANIES, and BRIAN SECREST,
        Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF MICHIGAN,
        Defendants-Appellants.

SC: 139346
COA: 278858
Ingham CC: 07-000242-CZ

_____/

CHRISTOPHER LEE DUNCAN, BILLY JOE BURR, JR., STEVEN CONNOR, ANTONIO TAYLOR, JOSE DAVILA, JENNIFER O'SULLIVAN, CHRISTOPHER MANIES, and BRIAN SECREST,
        Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF MICHIGAN,
        Defendants-Appellants.

SC: 139347
COA: 278860
Ingham CC: 07-000242-CZ

_____/

On order of the Court, the defendant's January 18, 2011 motion to accept its motion for reconsideration of this Court's December 29, 2010 order is considered, and it is GRANTED. A party may move for reconsideration of a Court order if it "file[s] the items required by [MCR 7.313(A)] within 21 days after the date of certification of the order." MCR 7.313(E). The only stated exception to this rule is that "[t]he clerk shall refuse to accept for filing any motion for reconsideration of an order denying a motion for reconsideration." *Id*. Because this Court's December 29, 2010 order was not an order denying a motion for reconsideration, and because defendant "file[d] the items required by [MCR 7.313(A)] within 21 days after the date of certification of the order," *id*., the court rules entitle the defendant to have this Court consider its motion for reconsideration.

The defendant's January 18, 2011 motion for reconsideration is considered, and it is DENIED on the grounds of mootness. The defendant asks this Court to reconsider our December 29, 2010 order, in which a majority of this Court determined that our November 30, 2010 order was this Court's final order for reconsideration purposes. 488 Mich 1019. The relief the defendant seeks in the instant motion for reconsideration is that this Court deem our December 22, 2010 order as the final order for reconsideration purposes. However, even if our December 22, 2010 order is considered final for reconsideration purposes, defendant would have had to file a motion for reconsideration within 21 days of December 22, 2010. MCR 7.313(E). This deadline has elapsed without such a motion coming before the Court. As a result, the question presently before the Court on reconsideration, whether our December 22, 2010 order in the instant case is final for the purposes of defendant's filing a motion for reconsideration, is moot.

MARILYN KELLY, J. (*concurring in part and dissenting in part*).

I dissent from the order but only to the extent that it accepts defendants' motion for reconsideration. On December 29, 2010, we issued an order denying defendants' motion to deem the December 22 release of my concurring statement and dissenting statements by Justice MARKMAN and then-Justice CORRIGAN as our "final order." That order stated that "No motion for reconsideration of this order will be entertained." The Court should stand by that ruling.

I concur in the part of the order that denies defendants' motion for reconsideration.

HATHAWAY, J., joins the statement of MARILYN KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 8, 2011

_____
Clerk